**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesus Encinas, Jr.,<br><br>            Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Commissioner of the Social Security Administration,<br><br>            Defendant. | No. CV11-1063 PHX DGC<br><br>**ORDER** |

Plaintiff's counsel, Mr. Slepian, has filed a motion for an award of attorney fees under 42 U.S.C. § 406(b). Doc. 21. The Commissioner does not oppose the motion. Doc. 23. The Court will grant the motion and award $5,000.00 in fees.

**I.      Background.**

On April 30, 2012, the Court granted judgment in Plaintiff's favor and remanded the case for an award of benefits. Doc. 19. On remand, Plaintiff received $56,969.40 in past-due benefits. Doc. 21 at 2. Mr. Slepian has now filed a motion for attorneys' fees under 42 U.S.C. § 406(b), requesting $5,000 for 34.7 hours of work performed. Doc. 21-1 at 7.

The fee agreement between Plaintiff and Mr. Slepian provides that Mr. Slepian shall receive 25 percent of the past-due benefits award. Doc. 21-1 at 3. Under § 406(b), Mr. Slepian typically would be entitled to this contingent fee if found reasonable by the Court, and it would come from Plaintiff's recovery. A 25% fee in this case would equal $14,242.50. Mr. Slepian would also normally have been entitled to seek fees under the

1 Equal Access to Justice Act ("EAJA"), and estimates that his recovery under the statute would have been approximately $6,650 for the 34.7 hours he devoted to this case. This amount would have been paid by Defendant, not taken from Plaintiff's recovery. 28 U.S.C. § 2412(d)(1)(A). To prevent Mr. Slepian from receiving a double recovery from these two sources – § 406(b) and the EAJA – Congress requires that Mr. Slepian refund to Plaintiff the lower amount of these two fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Thus, assuming Mr. Slepian had received the 25% contingency fee of $14,242.50 and an EAJA fee of $6,650, he would have refunded to Plaintiff the $6,650 EAJA fee and kept the $14,242.50 contingency fee.

Unfortunately, Mr. Slepian failed to seek fees under the EAJA. Doc. 21 at 2. His only remaining source of recovery, therefore, is § 406(b). Rather than seeking the full 25% contingency fee when he cannot offset it with the EAJA fees he could have obtained from the government, Mr. Slepian asks the Court to award him $5,000 in § 406(b) fees. This money would come from Plaintiff's past-due benefits of $56,969.40, but would be considerably less than the $14,242.50 Mr. Slepian would have received under the contingency fee agreement and § 406(b) in normal circumstances, and less than the net amount Plaintiff would pay if Mr. Slepian had received the $14,242.50 contingency fee from Plaintiff and remitted to Plaintiff the $6,650 in EAJA fees as required by law. In such a scenario, Plaintiff would be out $7,592.35 (the difference between $14,242.50 and $6,650), whereas, under Mr. Slepain's proposal, Plaintiff will be out only $5,000. In effect, Mr. Slepian is proposing that he receive considerably less than the $14,242.50 his fee agreement calls for, and that Plaintiff incur an expense of $5,000 which is less than he would have incurred had Mr. Slepian filed a timely EAJA application. In short, Mr. Slepian is proposing that he, not Plaintiff, bear the consequences of his error.

**II.     Legal Standard**

Section 406 establishes "the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht*, 535 U.S. at 795-96. Section 406(b) provides that

> [w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).

In *Gisbrecht*, the Supreme Court discussed the meaning of the term "reasonable fee" in § 406(b). The Court concluded that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." 535 U.S. at 807. "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* The Court noted that "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id. Gisbrecht* also recognized, as noted above, that a claimant's attorney who has received fees under the EAJA and § 406(b) must refund to the claimant the smaller fee award. *Id.* at 796; *see Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1366 (N.D. Ga. 2005).

**III.   Analysis.**

Mr. Slepian's fee calculation makes a few assumptions. The first is that the Court would find that 25% is a reasonable § 406(b) fee. If Mr. Slepian were to receive the full 25% of past-due benefits as provided in his fee agreement with Plaintiff, he would receive a fee equivalent to $410 per hour ($14,242 divided by 34.7 hours). The Court concludes that this is a reasonable rate given the inherent risk of contingent fee agreements. *See Grunseich v. Barnhart*, 439 F. Supp. 2d 1032, 1035 (C.D. Cal. 2006) (awarding hourly rate of $600); *Yarnevic*, 359 F. Supp. 2d at 1365-67 (awarding hourly rate of $643); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833-34 (S.D. W. Va. 2003) (awarding fee equivalent to $1,433 hourly rate); *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772-73 (W.D. Va. 2003) (awarding fee equivalent to $977 hourly rate). Under normal circumstances, the Court would award Mr. Slepian $14,242.35 for his representation of

Plaintiff before the Court. Therefore, the Court accepts Mr. Slepian's assumption that he would have been awarded 25% under the fee agreement.

Mr. Slepian's second assumption is an above-normal EAJA fee award of $9,242.35 that would offset the $14,242.35 contingent fee. This high assumed recovery works to the benefit of Plaintiff, who would receive a refund of the EAJA fees and would incur a net outlay of $5,000. It also means that Mr. Slepian will receive only $5,000, which equates to an hourly rate of $144/hour. Without much analysis, the Court can conclude that this is a reasonable fee. *See* § 406(b) (setting 25% of the award as a maximum contingent fee). Mr. Slepian achieved a good result for his client, and should receive some compensation for his work.

EAJA awards are not automatic, and operate to the benefit of the claimant by offsetting some of the fees due the attorney under the contingent fee agreement. *Id.* Mr. Slepian failed to request EAJA fees, but his proposed § 406(b) fee and assumptions operate to make up for that failure to the benefit of his client. Mr. Slepian has failed to cite any case where the attorney failed to request EAJA fees and was allowed to assume an EAJA award in order to request the remaining § 406(b) fees. The Court has also failed to find any such case. Because Mr. Slepian's proposal does not penalize Plaintiff, however, and in fact results in a more favorable result for Plaintiff than if Mr. Slepian had sought an EAJA award, the Court grants his request to award $5,000 in attorney's fees under § 406(b).

**IT IS ORDERED** that the motion for award of attorney fees (Doc. 21) is **granted** pursuant to 42 U.S.C. § 406(b). Mr. Slepian is awarded **$5,000** in attorney fees, to be paid out of the sums withheld by Defendant from Plaintiff's past-due benefits.

Dated this 20th day of October, 2015.

_____
David G. Campbell
United States District Judge